HENRY MATHIS, EXECUTOR, v. ISADORE PITMAN.

[FILED JUNE 30, 1891.]

Wills: CONTEST: COSTS MAY BE TAXED AGAINST ESTATE.  In a contest of the validity of a will, prosecuted in good faith, and on tenable grounds, under sec. 44, chap. 20, Comp. Stats., *held*, that the costs of the contestant may be charged against the testator's estate according to the judgment of the court.

ERROR to the district court for Cass county.   Tried below before CHAPMAN, J.

*B. S. Ramsey*, and *W. S. Wise*, for plaintiff in error, cited: *Stanton Co. v. Madison Co.*, 10 Neb., 304, 308.

*A. N. Sullivan, contra*, cited: *Brook v. Chappell*, 34 Wis., 419; *Will of Jackman*, 26 Id., 143.

COBB, CH. J.

It appears from the record that on August 17, 1888, the last will and testament of Eliza Jane Mathis, late of said county, deceased, was duly admitted to probate and record

in the county court of said county, against the contest of
the defendant in error on the ground of insanity, and of
undue influence exercised in procuring the will.    The costs
were taxed one-half to the proponent, and one-half to the
contestant.    From the order of the county court the con-
testant appealed to the district court under sec. 42, chap.
20, Comp. Stats., providing that "In all matters of pro-
bate jurisdiction, appeals shall be allowed from any final
order, judgment, or decree of the county court, to the dis-
trict court, by any person against whom any such order,
judgment, or decree may be made, or who may be affected
thereby (which shall be taken within thirty days after the
decision complained of is made)," and sec. 44, "Every party
so appealing shall give bond in such sum as the court shall
direct, with two or more good and sufficient sureties, to be
approved by the court, conditioned that the appellant will
prosecute such appeal to effect without unnecessary delay,
and pay all debts, damages, and costs that may be adjudged
against him.    But an executor, administrator, guardian, or
guardian *ad litem* shall not be required to enter into bond
in order to appeal.    If it shall appear to the court that
such appeal was taken vexatiously or for delay, the court
shall adjudge that the appellant shall pay the costs thereof,
including an attorney's fee to the adverse party, the court to
fix the amount thereof, and said bond shall be liable there-
for in cases where it is required."

The proponent set up, in the district court, that the tes-
tatrix, late of Liberty precinct in said county, departed
this life July 15, 1888, and that prior to her death, on
June 18, 1888, being of sound and disposing mind and
memory, made and executed, according to law, her last will
and testament, setting it forth, *in hæc verba*, probated and
admitted to record August 17, 1888.

The contestant answered, alleging that on or about the
18th day of June, 1888, the testatrix was not of sound mind
and memory, but by reason of extreme old age and long

continued sickness, and treatment therefor, she was greatly
enfeebled of mind and body, and was not of a sound and
disposing mind, and by reason thereof not capable of mak-
ing a valid will, nor of disposing of her property thereby;
and that the proponent, well knowing her enfeebled condi-
tion, and intending and designing to unlawfully secure an
advantage by artifice and undue influence, secured the sig-
nature of the testatrix to the paper writing presented in
probate as her last will and testament, which it was not.

The proponent replied in a general denial.

There was a trial to the court, upon the testimony of the
subscribing witnesses to the will, upon that of ten witnesses
for the contestants, of ten in rebuttal, and of four in sur-
rebuttal, all being examined on the trial as to the issue of
the validity of the will.   The court below found the issue
in favor of the proponent, and affirmed the order of the
county court admitting the will to probate and record, and
adjudged the costs in the lower court and the district court,
of $94.03, against the proponent as executor of the testa-
trix.   To this order the proponent excepted, and his mo-
tion, in the court below, to retax the costs being overruled,
the motion is brought here on his petition in error.

1. The court erred in rendering judgment for costs
against the estate of the testatrix.

2. In reversing the order of the county court in taxing
the costs to the estate and to contestants in equal parts.

3. In overruling the motion to retax the costs.

Under the first assignment is to be considered the pro-
vision of the statute as to the appeal having been "taken
vexatiously, or for delay." From the record evidence
there appears to have been sufficient and substantial reasons
for doubt, and for inquiry into the validity of the will.
There is testimony as to the age, physical and mental in-
firmities, and the testamentary capacity of the testatrix, in
her last sickness, sufficiently justifying the inquiry, and
excluding the contest from any class of vexatious or dila-

tory appeals. This testimony goes far towards supporting the issue joined by the contestant, but did not have sufficient weight, in the court below, to justify the setting aside of the probate of the county court. If the appeal had been "taken vexatiously, or for delay," the costs would have been adjudged against the appellant, by the terms of the statute, and, *conversus*, they are adjudged against the estate of the testatrix.

In so far as an executor performs a duty devolved in a litigation to establish a will, the expenses incurred in a contest with the heirs at law are payable out of the estate, whatever be the consequences to the successful contestants. (*Andrews v. Adm'rs*, 7 O. St., 143; *Meeker v. Meeker*, 37 N. W. Rep. [Ia.], 773.) And the principle upon which the costs of litigation to establish a will, being chargeable against those who are benefited by the litigation, may be charged against the estate, if the contestants are legatees. (Woerner's Law of Administration, 2, 1150.)

It is presumed that the court below exercised a sound discretion in its award of the costs of contestant against the estate of the testatrix, and that discretion, like the finding of a jury, will not be disturbed unless evident error appears. An inspection of the record, and the testimony of a number of witnesses called by the contestant, confirms the opinion that the discretion of the court was wisely exercised, and its judgment will be

AFFIRMED.

THE other judges concur.