ALFRED HAZLETT ET AL., APPELLANTS, V. ESTATE OF THOMAS MOORE ET AL., APPELLEES.

FILED MAY 23, 1911. No. 16,464.

Executors and Administrators: ALLOWANCE TO ATTORNEYS. Attorneys who, under employment by executors of a will, render necessary services beneficial to the testator's estate in the settlement thereof may, in a proper case, file with the county court an itemized bill for their compensation, and the county court has authority to allow a reasonable amount for that purpose as a claim against the estate, where those in control of it refuse to pay the claim and object to any allowance therefor.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, JUDGE. *Reversed.*

*Hazlett & Jack, pro se.*

*E. O. Kretsinger* and *Rinaker & Kidd, contra.*

ROSE, J.

As attorneys at law plaintiffs are seeking to recover the reasonable value of professional services rendered by them on behalf of the estate of Thomas Moore, deceased. An itemized bill for their fees was presented to and allowed by the county court as a claim against decedent's estate. From the order of the county court an appeal was taken

to the district court, where a demurrer to plaintiffs' petition was sustained and the claim disallowed. Plaintiffs have appealed to this court.

The record presents the sufficiency of the petition to state a cause of action. The authority of plaintiffs to practice law is properly shown by the petition. It is also alleged therein that they performed on behalf of the estate of the decedent the professional services disclosed by an itemized statement attached to the petition. It is further stated that the services were rendered upon the request of two of the executors of decedent's will, and, as shown by the itemized statement mentioned, were of the reasonable value of $145, no part of which has been paid, except the sum of $30, and that the amount due from the estate is $110. In the fourth and fifth paragraphs of the petition it is alleged:

"That the said services were rendered at the request and direction of George Nicholas and George Buss, two of the executors of said estate; that at the direction and request and with the approval of said two executors of the estate of said Thomas Moore, deceased, plaintiffs filed their statement of account and claim against said estate for said services with the county court of Gage county, Nebraska, on the 15th day of September, 1906; that, at the time of rendering said services before mentioned, one Thomas W. Moore was the third executor of said estate; that, because a portion of said legal services were particularly useful to said estate, in preventing the said Thomas W. Moore from despoiling said estate, he refused to take part in the payment of plaintiffs' claim for legal services above set forth; and that the said Thomas W. Moore as one of the said executors had obtained possession of all the money and personal property of said estate and excluded the other two executors therefrom; and that the two executors who employed plaintiffs had not at any time any money or property of said estate in their hands with which to pay the claim of plaintiffs; and that the said two executors

did not at the time of or after the rendition of said services have in their hands any money or property of said estate, but that the money and personal property of said estate was taken and kept solely and alone by the said Thomas W. Moore, one of the executors of said estate, who for the reasons aforesaid, and for no other, refused to make payment to plaintiffs.

"That after said claim had been filed in the county court of Gage county, Nebraska, objections were filed to the same by James T. Moore, who had been appointed administrator *de bonis non* of said estate, in place of said George Nicholas, George Buss, and Thomas W. Moore, executors, though at the time of the filing of the claim by plaintiffs none of the said executors had yet filed his final report, nor been finally discharged, nor had a settlement at that time with said estate; that objections also to said claim of plaintiffs were filed in said county court by Thomas W. Moore, who is the only person appearing in this court in opposition to the claim of plaintiffs; that thereafter on the 30th day of July, 1907, the plaintiffs and the administrator *de bonis non* of said estate, and the said Thomas W. Moore and all parties in interest in said estate appeared personally and consented that a hearing be had at that time upon plaintiffs' said claim by said county court of Gage county, Nebraska, and that said county court after a full hearing allowed plaintiffs' said claim in the sum of $115; that said order was appealed from by Thomas W. Moore, personally, and by no one else."

The defendant named in the petition is "The Estate of Thomas Moore, deceased." The demurrer, omitting the title and the signature, follows: "Now comes Thomas W. Moore, as defendant herein, an objector in the court below, and an heir and devisee under the will of Thomas Moore, deceased, and demurs to the petition of the plaintiffs, for the following reasons, to wit: 1. Said petition does not state facts sufficient to constitute a cause of action against the defendant or this demurrant. 2. That two executors could not bind said defendant and make it liable for any

amount of attorney's fee to the plaintiffs, as alleged in the petition; that they could only bind themselves.  3. The court has no jurisdiction of the person or the subject matter of the action."

Was the demurrer properly sustained?  To maintain the affirmative of this question, demurrant observes that the petition shows on its face there was no contractual relation between plaintiffs and decedent, and that the contract relating to the performance of professional services and to the payment of fees was made with two executors of decedent's will.  In this connection demurrant relies on the following doctrine announced by the supreme court of Iowa:  "The services were rendered the administrator, and not the deceased, and the sole question in the case is whether the claim is one against the estate or against the administrator personally.  If the latter, then the suit should have been brought against him personally.  If the former, then the court was in error in sustaining the demurrer.  There is a manifest distinction between debts of the decedent and liabilities contracted by his personal representative.  The former are strictly claims against the estate, while the latter, although in the interest of and on behalf of the estate, is a personal liability of the representative.  *  *  *  It follows, then, that the estate is not liable to an attorney for his services at the instance of an administrator, but that the latter is himself liable in a suit by the attorney.  There is little or no variation in the authorities on these propositions."  *Clark v. Sayre,* 122 Ia. 591.

This doctrine is well supported by precedent, but there is both reason and authority for a different rule.  The petition states these facts:  Plaintiffs, under their employment, acted on behalf of the estate.  They were employed by legal representatives of decedent.  They prevented the despoiling of the estate, and their services were beneficial thereto.  The representatives who controlled the estate refused to pay plaintiffs their fees, and objected to the allowance of their claim.  The law is that the estate of

decedent is chargeable with the expenses of its administration. Comp. St. 1909, ch. 23, sec. 201. Sometimes an allowance for the services of attorneys may be included in such expenses. In his final account an executor should ordinarily be credited with reasonable attorney fees paid by him in proceedings to probate the will. *In re Estate of Hentges,* 86 Neb. 75. "A guardian has authority to bind the estate of the ward by a contract for services reasonably necessary to the preservation or management of such estate." *McCoy v. Lane,* 66 Neb. 847. The estate itself is ultimately liable for compensation for such services, and the rule is applicable to executors. It is the policy of the law to protect attorneys in their right to reasonable compensation. To that end an attorney's lien is authorized by statute. This lien attaches to money coming into an attorney's hands for the estate of a deceased person, where the client is an executor. *Burleigh v. Palmer,* 74 Neb. 122. If an attorney employed by an executor can satisfy his lien out of money in his hands, but belonging to the estate, why should not the estate answer to him directly, where no money to which a lien can attach comes into his possession? Having, at the request of executors charged with the duty of executing a will, performed services on behalf of the estate, why, in recovering his fees, should he be driven to the circuitous course of first pursuing the executor personally and afterward the estate itself? Under the constitution and statutes the county court in the settlement of estates of deceased persons has the powers of a court of chancery. *Williams v. Miles,* 63 Neb. 859. In the exercise of this jurisdiction the services of counsel may be absolutely essential to the proper protection of the estate, and in passing on claims the power of the court to prevent any wrongful or unreasonable charge by an attorney is complete. Where the services of an attorney are necessary in the settlement of an estate of a deceased person, he should not be unnecessarily hampered in his employment or in the collection of his fees. Where the estate is ultimately chargeable with attorney's fees which the executor

refuses to pay or approve, the better rule under the constitution and statutes of this state is that an itemized bill therefor may be presented to the county court and allowed as a claim against the estate, in so far as the charges are reasonable and just. In this view of the law, plaintiffs' petition on appeal to the district court is not demurrable. The reasons for this conclusion have already been applied to the allowance of attorneys' fees out of the estate of a ward. *McCoy v. Lane,* 66 Neb. 847. In principle the case cited does not differ from the present one. In holding that the petition did not state a cause of action, the trial court was in error.

The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.