JOHN EVERSON, APPELLANT, V. JAMES M. HURN ET AL., APPELLEES.

FILED JUNE 26, 1911. No. 16,512.

1. **Wills**: CONTEST BY INFANT: ATTORNEY'S FEES. Where an infant son has been disinherited by the will of his father, deceased, it is proper for the mother or other near relative to institute proceedings in the interest of the minor to contest such will, and to employ counsel therefor; and in the event of such contest proving successful the estate acquired for the minor thereunder is properly chargeable with a reasonable compensation for the services of the attorney in such proceeding.

2. ——: ——: ——. But where in such a case the persons employing such attorney agree with him that he shall receive for his services in that behalf one-third or one-half of the recovery in such contest proceeding, such agreement will not be sustained and the estate recovered for such minor charged therewith, unless it appears that such proportion of the recovery does not exceed a reasonable compensation for the services so performed by such attorney.

3. **Infants**: ATTORNEY'S FEES. And in such a case it is the duty of the court, even if no defense is interposed in behalf of such minor,

on its own motion, to protect the interest of such minor by re-
fusing to permit a recovery for more than a reasonable com-
pensation for the services so rendered by such attorney.

4. **Attorney and Client:** RIGHT TO MORTGAGE: INFANTS. And where
in such a case it appears that such contest was compromised for
$1,500, and that the attorney received in consummation of such
agreement a mortgage aggregating in principal and interest
$1,215 and a note for $285, and that by the terms of the settle-
ment of such contest it was agreed that said mortgage was to be
the property of the minor, and that the attorney was to receive
the proceeds of said note for $285 as full compensation for his
services, and that said note upon its maturity was paid to said
attorney, his possession of such mortgage is simply as attorney
for said minor, and he does not, by such possession, become
vested with any interest therein, nor does he thereby acquire any
right to maintain, in his own name, a suit for the foreclosure of
such mortgage.

APPEAL from the district court for Harlan county:
HARRY S. DUNGAN, JUDGE. *Affirmed.*

*John Everson, pro se.*

*J. G. Thompson* and *Thomas & Shelburn, contra.*

FAWCETT, J.

Plaintiff is a practicing attorney. Lee C. Willits was
the father of defendant Edward L. Willits, who is a minor
five years of age. The father departed this life, testate, in
September, 1907. Prior to his death he had been divorced
from his wife, the mother of Edward L. By his will he
disinherited his infant son. The will named defendant
Conklin as executor, who duly qualified as such. Among
the assets which came into the hands of the executor was
a mortgage for $1,200 executed by one Hurn and his wife.
Hurn subsequently sold the property covered by the mort-
gage to defendant Dow, he assuming and agreeing to pay
the mortgage debt. Dow was appointed guardian for the
infant defendant, Edward L. Willits. After the death of
Willits, Sr., plaintiff was employed by one Simpson,
grandfather of Edward L. Willits on his mother's side, to

contest the will of Lee C. Willits, the mother of the infant defendant consenting thereto. It is alleged by plaintiff that when he was so employed by Simpson it was understood and agreed that he was to receive for his services from one-third to one-half of the recovery in such contest. Plaintiff filed objections to the will in the county court, but on the hearing offered no evidence in support of his objections and the will was sustained by that court. Thereupon plaintiff appealed the contest proceeding to the district court. Before any hearing was reached in that court, the contest instituted by plaintiff was compromised and settled between plaintiff, acting for the minor, and the executor and his attorneys, acting for the estate of Lee C. Willits, and the determination of what constituted the terms of that settlement determines this case. The amount which the executor and his attorneys agreed to pay in such settlement was $1,500, which was paid to plaintiff by delivering to him the mortgage above referred to, upon which there was $15 accrued interest, and the personal note of Dr. Conklin, the executor, for $285.

After this settlement had been made, plaintiff claims that the grandfather, Simpson, and the mother of the minor called at his office, and it was then and there agreed that of this $1,500 Edward L. Willits should have $800 with accruing interest thereon, and that plaintiff was to have the other $700 with interest accruing thereon; that plaintiff was to hold the mortgage and collect the same and then pay over the $800 and the interest so agreed upon as the portion of Edward L. Willits. The $285 note given by Dr. Conklin was to run for 60 days, and was paid by him to plaintiff at its maturity. The mortgage was allowed to run for a year or so, and when plaintiff demanded payment thereof from Dow payment was refused upon the ground, as stated by Mr. Dow, that plaintiff had already been paid more than his services were worth. Plaintiff thereupon, in his own name, instituted the present suit to foreclose the mortgage, setting out substantially the facts above recited, and praying that the

mortgage be foreclosed, the property sold and the money distributed in the proportion as contemplated by his agreement with Simpson and the mother of the infant defendant. Defendant Dow answered, admitting his agreement to pay the note secured by the mortgage and that the same had not been paid, and alleged that he was ready and willing to pay the same, but had received notice that plaintiff was not the legal owner and had no interest in said note and mortgage. J. G. Thompson, Esq., as guardian *ad litem* for the minor defendant, Edward L. Willits, answered, alleging that said minor defendant "is the owner of said note and mortgage," and denied all other allegations in the petition. The reply was a general denial. Upon a trial to the court, the court found that the minor defendant, Edward L. Willits, is the owner of the note and mortgage, and that plaintiff has no interest therein, dismissed plaintiff's suit, and entered a decree of foreclosure in favor of the minor defendant, Edward L. Willets. Plaintiff appeals.

Several questions are strenuously argued by plaintiff in his brief, but, as the judgment of the trial court must be affirmed upon one controlling point, we deem it unnecessary to consider any of the other questions presented. When the settlement of the contest was made, the executor turned over to plaintiff the note and mortgage above described. Plaintiff testified substantially to the matters set out in his petition, and upon cross-examination, expressly denied that the $1,200 mortgage was to be the sole property of the minor, Edward L. Willits, or that he (plaintiff) was to accept the $285 note as full compensation for his services. For the defendants, J. G. Thompson and Gomer Thomas, the attorneys who represented the executor in the will contest, and the executor himself, Dr. R. E. Conklin, all three testified that by the terms of the settlement of the will contest the $1,200 mortgage was to go to the minor, Edward L. Willits, and that plaintiff was to look to the excess over that mortgage for his services. in the litigation then concluded; that, instead of re-

ceiving such excess in cash, he took Dr. Conklin's note for $285, due in 60 days, which note was at its maturity paid to plaintiff by Dr. Conklin. It was upon this testimony that the trial court found that plaintiff had no interest in the note and mortgage. In this we think the trial court was right. The agreement of the grandfather and mother of Edward L. Willits to pay plaintiff one-half of the amount recovered, or within $50 thereof, could not bind the minor, unless it were established by a preponderance of the evidence that such an allowance for attorney's fees was reasonable. While it was perfectly proper for the grandfather and mother of the minor to institute proceedings to contest the will of Lee C. Willits in the interest of his minor son, who had been disinherited by him, they could not bind the minor, or any estate which he might acquire through such contest proceedings, for anything more than reasonable compensation to the attorney so employed; and it is the duty of the court in such a case, where proceedings are instituted to recover for services so performed, even if no such defense is interposed, on its own motion, to limit the recovery of the plaintiff in such a proceeding to a reasonable compensation for the services rendered. The evidence shows the services performed by plaintiff, and that he had been paid the sum of $285 therefor; and by a clear preponderance of the evidence it was established that he agreed to accept that sum as full compensation for such services. It was likewise established by a clear preponderance of the evidence that he accepted the note and mortgage in controversy, as attorney for the minor, Edward L. Willits, and that in receiving such mortgage there was no understanding and agreement by any one authorized to so bind the defendant Edward L. Willits, that plaintiff should have any interest in such mortgage.

It follows that in holding that plaintiff had no interest in the note and mortgage in controversy and in dismissing his action the district court was right, and its judgment is

AFFIRMED.