IN RE ESTATE OF JOHN A. CREIGHTON.

FILED JANUARY 31, 1913.   NOS. 16,775, 16,776.

Attorney's Fee: TRUST FUND. Attorneys who are duly authorized by
parties interested in a fund in controversy to represent them and
defend and preserve the fund are entitled to compensation out
of the fund in controversy, at least for such services as resulted
in the increase and preservation of the fund.

APPLICATION for allowance of attorneys' fees in case
reported in 91 Neb. 654. *Application allowed.*

SEDGWICK, J.

After this case was determined in this court (91 Neb.
654), Messrs. Smyth, Smith & Schall, of Omaha, a firm of
attorneys and members of the bar of this state, filed an
application in this court for an allowance of attorneys'
fees out of the funds involved in the litigation. · The at-
torneys for the executors objected to the allowance, and
the matter was presented upon briefs and oral argument.

It appears from the record that these applicants were
consulted by parties interested in the charity whose right
under the will was contested. The right of these parties
to appear and be represented by counsel was challenged
on the ground that they had no financial interest in the
bequest, and perhaps for other reasons. The matter was
then brought to the attention of the governor and attorney
general of the state, and they considered that the charity
in question was a public charity, and authorized these ap-
plicants to appear in the name of the attorney general of
the state to procure a construction of the will favorable
to the establishment of the charity. The county court of
Douglas county had construed the will against the bequest
for the charity; and, an appeal being in contemplation, a
proposition of adjustment was submitted to the executors
by the collateral heirs of the deceased not named in the
will, by which the sum of $75,000 would be devoted to the

establishment of the proposed charity. This proposition was by the executors submitted to the county court for instruction as to completing the proposed compromise. In the meantime an appeal had been taken to the district court from the decision of the county court. The applicants, in behalf of the charity and in the name of the attorney general, appeared in the district court, and upon trial in that court it was ordered that the executors devote the sum of $75,000 to the proposed charity, and these applicants, believing that the bequest carried a much larger amount, appealed to this court.

Under the decision of this court, the amount secured for the charity was $160,000 and interest thereon, so that on account of the services of these attorneys there had been secured for this fund, over and above the amount that could have been realized on the proposed settlement, the sum of $85,000 and interest. It has already been determined in the opinion above cited that the bequest in question established a public charity and the state is interested; and the attorney general, on the advice of the governor, was authorized to represent the public interest in the controversy, and for that purpose to employ attorneys. The executors contend that, under such circumstances, the attorneys employed must look to the state or the attorney general for their compensation, and cannot be compensated out of the fund in litigation. It appears that these applicants were informed by the attorney general that the state would not compensate them for their services, and that if they received any compensation it must be from the fund in controversy. These attorneys then volunteered to accept the employment without other compensation than might be allowed them out of such amount, if any, as they might succeed in preserving for the proposed charity.

In *Stone v. Omaha Fire Ins. Co.*, 61 Neb. 834, it was held: "The expenses of procuring a receivership of an insolvent corporation, including services of an attorney in consultations, preparing papers and procuring the ap-

pointment of a receiver, are properly chargeable against the fund so brought into the court's control;" and in the opinion the same principle, which we think is everywhere recognized, is quoted from *Trustees v. Greenough,* 105 U. S. 527, 532: "Where one of many parties having a common interest in a trust fund, at his own expense, takes proper proceedings to save it from destruction and to restore it to the purposes of the trust, he is entitled to reimbursement." This principle seems to be applicable to this case. These attorneys were not themselves interested in the trust funds, but the state was, and, in his official capacity, was also the attorney general. These attorneys then represented parties interested in the trust fund, without any legal means of obtaining compensation except from that fund; and it seems clear that, so far as their services have increased the fund thus preserved, they should be compensated. It is alleged in the application, which is duly verified, that these attorneys rendered services in the matter in at least the value of 25 per cent. of the amount preserved to the fund as a result of those services. A history of the litigation and of the services rendered therein by these attorneys is set out quite in detail in the application, and it is alleged that these funds have been upon interest at $3\frac{1}{2}$ per cent. from the 20th day of October, 1909. Counsel for the executors have filed objections to this allowance in the form of a brief giving the ground of their objection; but the allegations of fact in the application and of the value of the services are not denied. There being no issue of fact tendered by the executors, a reference to take evidence is not called for. The allegations of the applicants as to the extent and value of the services rendered will not justify the amount suggested by them. We think that under the circumstances of this case a fee of 10 per cent. of the amount preserved to the fund by those services is a reasonable fee. The interest on $85,000 from the date and at the rate specified would amount to something over $9,000. We think therefore that the reasonable value of

the services rendered is $9,400, and it is ordered that the executors pay to these applicants the said sum from that fund now in their hands.

APPLICATION ALLOWED.

FAWCETT, J., not sitting.