In re Estate of Merica.

IN RE ESTATE OF SARAH J. MERICA.

JOHNATHAN MERICA ET AL., APPELLANTS, V. JULIUS L. GREER, ADMINISTRATOR, APPELLEE.

FILED DECEMBER 23, 1915.    No. 18278.

Wills: CONTEST: ATTORNEY'S FEES: ALLOWANCE: AMOUNT. Counsel were employed by decedent's husband, who was not a legatee, and the will was successfully contested. *Held*, that compensation for such services, the costs and necessary expenses thereof are proper charges against the estate. The amount of such allowances should be determined upon consideration of the reasonableness of the charges, the necessity of the employment, the actual services rendered, the size of the estate, and the benefits accruing thereto.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed.*

*Frederick Shepherd,* for appellants.

*John P. Breen, contra.*

MARTIN, C.

Johnathan Merica and his wife, Sarah J., lived at Blair, Nebraska, where they had a small fruit farm. The husband was about 80 years of age and the wife 70. In 1909 they came to the city of Lincoln to live with a daughter, Mrs. Oelting. Thereafter the wife became insane, and upon a hearing before the insanity board was duly committed to the insane asylum. Soon thereafter the daughter, Mrs. Oelting, was appointed guardian for her mother. After a lapse of several months a sister, who resided in Seward county, took the incompetent out of the asylum on parole, and procured her release by proceedings in habeas corpus before the county court of that county. Immediately thereafter the incompetent made application to the county court of Lancaster county in the original guardianship proceedings to be discharged therefrom. This application was unsuccessful. A few months later, while she was at Oakland, Nebraska, she made a will, mak-

ing no mention of her husband, and allowing her daughter, Mrs. Oelting, one dollar, and giving some of her property to her sister and the rest to her other children. She died in Omaha not long after making this will. The will was offered for probate in the county court of Douglas County, and the husband, Johnathan Merica, employed counsel and contested the will, and the same was set aside for the want of testamentary capacity. No appeal was taken from this judgment. Johnathan Merica incurred costs, expenses and attorney's fees in securing the setting aside of the will. His claim and that of the attorneys employed by him for these costs, expenses and attorney's fees was disallowed by the county court, and on appeal to the district court a demurrer was sustained to the petition and the case was dismissed, and is now here on appeal.

This precise question has never been before this court. In *Mathis v. Pitman,* 32 Neb. 191, and in *Seebrock v. Fedawa,* 33 Neb. 413, the unsuccessful contestants of a will were allowed to recover their costs and attorney's fees upon the ground that they had instituted the contest in good faith and upon reasonable grounds. But these cases were overruled in *Wallace v. Sheldon,* 56 Neb. 55, wherein Commissioner Ragan wrote the opinion and said: "We do not attempt to formulate a rule for determining what state of facts will justify a court in any case in awarding costs to an unsuccessful litigant, but what we do decide is that the courts are not invested with the discretion to award costs or attorney's fees to an unsuccessful contestant of a will simply and solely because of the fact that he undertook the contest in good faith, and at the time he did there existed probable cause for the contest."

In the case of *Atkinson & Doty v. May's Estate,* 57 Neb. 137, which was an unsuccessful contest of a will, Commissioner Ragan, again writing the opinion, said: "The estate of a decedent is not liable to an attorney for services rendered by him for and at the request of a legatee under decedent's will in a contest thereof." No authorities are cited.

In *St. James Orphan Asylum v. McDonald,* 76 Neb. 630, this court held: "The estate of a decedent is not ordinarily liable to an attorney for services rendered by him, for and at the request of a legatee under decedent's will, in a contest thereof." This was a case wherein the attorneys for a legatee and proponent of a will were successful in sustaining it, and then sought to make their services a charge against the estate when their client received under the will three-fourths of the estate, amounting to $150,000.

Thus it appears that the question of the allowance of attorney's fees as a claim against an estate has never come squarely before this court in a case where such attorneys were successful in setting aside a will.

This court has held that the county court has authority to allow attorneys reasonable fees as a claim against the estate when such attorneys were employed by the executor and rendered services which were necessary and beneficial to the estate. *Hazlett v. Estate of Moore,* 89 Neb. 372. It seems to be the general rule that compensation for attorney's services rendered under employments by executors, administrators, guardians, and trustees are proper claims against such estates. Matters of probate and settlement of estates are often complicated, requiring the executor or administrator to pass upon the intricacies of the law of which he is ordinarily ignorant. He must necessarily have counsel to guide him in the performance of his duties, and this to the end that the estate may be protected. This, no doubt, is the foundation for the rule which generally prevails.

In the syllabus of the *St. James Orphan Asylum* case, *supra,* there is an implication that counsel fees obligated by a legatee are chargeable to the estate. Evidently the writer of that opinion had in mind extraordinary cases wherein a legatee might employ counsel and still their services be justly compensated out of the estate. It is easy to suppose cases of such character. Take, for instance, a case where five children are only

nominal legatees and are allowed one dollar each under the will, and the remainder of the $100,000 estate is bequeathed to some charitable purpose. One of the nominal legatees employs counsel, assumes the burden, and successfully contests the will. On what equitable theory should the estate escape the payment of reasonable counsel fees and expenses of the contest, and the nominal legatee who instituted and successfully carried it through be compelled to pay from his separate share the entire expenses when the estate and the other children profit four times as much as he does by the proceedings?

In the case at bar the will was successfully contested and set aside on the ground that the deceased lacked testamentary capacity. The property was saved to the lawful heirs. The services were eminently necessary and irrefutably beneficial to the estate. The fact that the executor of the false will employed counsel and resisted the assault upon the will and lost argues strongly that the estate was benefited. The property does not pass according to the terms of the false will, but it passes to the lawful heirs; an unlawful distribution is prevented and a lawful one enforced. Measured by this rule, even where the employment is actually made by an executor or administrator, instead of by the surviving husband who is not a legatee, as in this case, it is difficult to imagine a case wherein the necessity of the employment and the certainty of the benefits to the estate would be any more pronounced than they appear to be in the one before us. Because the services were rendered before the will was set aside and the administrator appointed does not destroy the force of the fact that the estate received the protection and benefits just as surely as it would have done had the administrator made the employment. Had the administrator employed these attorneys there would be no question under the authorities about the liability of the estate for the payment of their reasonable fees. By analogy there ought to be no question about the allowance of a reasonable amount to

In re Estate of Merica.

the attorneys to be paid from the estate which they preserved for lawful administration.

When one who is not a legatee employs counsel through whose services the will is set aside, it is the duty of the court to consider a claim filed for such services, and allow, not necessarily the amount of the claim, but such amount as shall be just and reasonable, considering the necessity of the employment, the actual services rendered, the size of the estate, and the benefits accruing thereto by reason of the services. When no necessity exists for the services and no benefits accrue to the estate, no compensation should be allowed. This we regard as a sound, safe and equitable rule. Included in this claim were some items for expenses and services in making and presenting objections to the jurisdiction of the county court of Douglas county. Such items should not be allowed against the estate. But there were items separately itemized for costs in the taking of depositions and procuring evidence for the contest, amounting to $58, which are clearly statutory costs and should have been allowed by the court. These, together with perhaps other items of cost and reasonable attorney's fees, should be allowed in accordance with the views herein expressed. The judgment is reversed and the cause remanded.

BY THE COURT. For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial, and this opinion is adopted by and made the opinion of the court.

REVERSED.