In re Estate of Charles Genuchi.
Arthur Mullen et al., appellants, v. Estate of Charles Genuchi, appellee.

Filed May 15, 1920. No. 21308.

Wills: Probate: Attorney's Fees. In an unsuccessful litigation to probate a purported will, the intestate estate of the decedent is not ordinarily chargeable with compensation for the services of attorneys for the defeated devisees, and this rule may apply to devisees who offered the contested instrument for probate after the person named by the decedent as executor declined to do so.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*John J. Sullivan, E. C. Strode, Max V. Beghtol* and *Arthur F. Mullen,* for appellants.

*Berge & McCarty, contra.*

ROSE, J.

In the county court for Lancaster county two attorneys filed against the estate of Charles Genuchi, deceased, claims of $1,500 each for professional services. They had represented residuary devisees in an unsuccessful effort to probate as the will of Charles Genuchi, deceased, an instrument which required a trustee to pay the income from the realty of decedent to the latter's widow and children, and, upon the death of the last survivor, disposed of the estate in remainder as follows:

"Then all of said trust property I devise and bequeath to the board of control for dependent and neglected children, located at Lincoln, Nebraska, for the benefit of poor and dependent children, and to the hospital for crippled, ruptured and deformed children, also known as the Orthopedic Hospital located at Lincoln, Nebraska."

This instrument was found in the county court, but, as a will, it was renounced by decedent's widow and the heirs. A son of decedent had been named in the instrument as executor, but declined to act in that capacity. Claimants, as attorneys for the public boards in control of the institutions mentioned, offered the instrument for probate. A contest by the widow and the heirs followed. As the will of decedent the instrument was rejected by the county court, by the district court on appeal from the county court, and by the supreme court on appeal from the district court. The performance of the duties of the attorneys, their good faith and the reasonableness of their fees are not controverted, but the claims were disallowed by the county court in the first instance

and by the district court on appeal, because they are not allowable as charges against the estate of decedent. The claims are presented in the supreme court on appeal from the district court.

Claimants take the position that the executor named in the will declined to offer it for probate, thus shifting that duty and the burden of a proponent to the residuary devisees, and that the latter's attorneys, like attorneys for an executor in an unsuccessful effort to probate a will, are, for their services, entitled to reasonable compensation from decedent's estate. The principle of law invoked by claimants is stated in *In re Estate of Hentges,* 86 Neb. 75, as follows:

"An executor should ordinarily be credited in his final account with the estate for reasonable attorney fees paid by him in proceedings to probate the will of his testator."

The argument on the affirmative of this proposition seems to contain fallacies in induction. In offering the instrument for probate and in resisting the contest, the residuary devisees or public boards, in their legal aspect, acted for and represented the state in its relation to its own institutions. Their attitude was hostile to the estate against which the claims are filed. Considered as trustees, they sought to uphold a devise to state institutions. As public officers, they litigated for the benefit of the state the validity of the devise. To that end the offering of the instrument for probate was a mere incident. Their course in the contest would naturally have been the same had the executor named by decedent acted as proponent. Their efforts and the services of their attorneys were not beneficial to decedent's estate. They did not by their litigation create or preserve a fund available for the payment of their expenses. Their adversaries proved to be the owners of the real estate in controversy. The allowance of attorney fees would diminish the inheritance of the widow and the heirs under the statute of descent. The better view of the

claims seems to be that they were properly disallowed under the following principle of law:

"The estate of a decedent is not ordinarily liable to an attorney for services rendered by him for and at the request of a legatee under decedent's will, in a contest thereof." *St. James Orphan Asylum v. McDonald,* 70 Neb. 630.

The attorneys were employed on behalf of the state, and should be compensated by their client for the services rendered.

AFFIRMED.

DAY and FLANSBURG, JJ., not sitting.