## HOPKINS v. TEXAS CO. *
### No. 584.

Circuit Court of Appeals, Tenth Circuit.

Jan. 9, 1933.

*Rehearing denied February 10, 1933.

Charles E. McPherren, of Oklahoma City, Okl. (S. P. Render and Neal E. Maurer, both of Oklahoma City, Okl., on the brief), for appellant.

B. W. Griffith, of Tulsa, Okl., and C. B. Cochran, of Oklahoma City, Okl. (John R. Ramsey, of Tulsa, Okl., Y. A. Land, of Denver, Colo., Harry T. Klein, of New York City, and Ames, Cochran, Ames & Monnet, of Oklahoma City, Okl., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge.

This suit was brought by appellant, Hopkins, as lessor under three leases dated respectively April 4, 1925, December 7, 1925, and December 16, 1919, against appellee, a successor lessee, to obtain an accounting for gasoline and residue gas, manufactured and extracted as by-products from casinghead gas. The answer was that the defendant had fully accounted by rendering up the oil and gas stipulated for in the leases, except the sum of $81.23, which was tendered into court. The defense was sustained and the bill was dismissed.

■ An objection to the consideration of the case on the merits was that the appellant has not assigned sufficient specifications of error; but we think the objection is not well taken. An appeal in an equity suit brings the case up de novo and in order to avoid injustice a plain error, even though not assigned, should be considered. Central Improvement Co. v. Cambria Steel Co. (C. C. A.) 201 F. 811; National Acc. Society v. Spiro (C. C. A.) 78 F. 774.

■ The leases are not essentially different. They each bind the lessee to deliver to the les-

sor one-eighth of the oil produced and saved from the premises, and pay annually one-eighth of the gas proceeds, or $200, where gas only is found and is used off the premises, and have free gas for domestic use, or one-eighth of the gas if used to manufacture gasoline or any other by-product. The third subdivisions obligate the lessee to account for one-eighth of the gas from an oil well, when used off the premises or in the manufacture of gasoline or any other product, and when used for the manufacture of gasoline.

All the wells were oil wells. The controversy is whether, as appellant contends, casinghead gas should be separated into its constituent parts, and royalties paid on gasoline and other products produced from it, as oil royalty, under the first subdivisions of the leases, and the residue of gas paid for as gas under the third subdivisions of the leases; or, as appellee insists, the lessee was bound only under the third subdivisions to render but one-eighth of the casinghead gas and not its constituent elements of gasoline and gas, when separated through a casinghead plant in a manufacturing process.

It is our opinion that gas from an oil well must be regarded as including casinghead gas, the value of which is ascertained at the mouths of the wells. The decisions of the state Supreme Court of Oklahoma, which are determinative of the question, are to the effect that casinghead gas is gas and not oil, regardless of the products obtained from it. Mussellem v. Magnolia Pet. Co., 107 Okl. 183, 231 P. 526; Pautler v. Franchot, 108 Okl. 130, 235 P. 209; Wilson v. King Smith Ref. Co., 119 Okl. 256, 250 P. 90. With respect to gas, the rendition of the stipulated share of the casinghead gas was a fulfillment of the obligations of the leases. Those obligations were satisfied.

Settlement was made for the casinghead gas, in accordance with the departmental schedule, which was followed by common practice and custom in the Mid-Continent field, where the land was located. That method of settlement is well sustained and should be accepted. It left appellant without any right of recovery.

It is urged that the appellee used the vacuum method in order to produce an excess of oil and this furnishes an additional reason for ascertaining royalties based on the constituent elements of casinghead gas. We do not find any evidence of the use of that method, but in any event it is recognized as properly employed in producing oil and gas.

The position of appellee is strengthened on the theory that for a long period, while the leases were operated, the lessor accepted the specified portion of the casinghead gas without asserting any claim to the products composing it. This mutual interpretation of the lease contracts affords cogent evidence of their meaning. Mussellem v. Magnolia Pet. Co., supra; Pautler v. Franchot, supra; New York Life Ins. Co. v. Tolbert (C. C. A.) 55 F.(2d) 10.

We regard the decision of the District Court as right in all respects, and it is accordingly affirmed.