IN RE ESTATE OF JOHN R. HOUSE.

NELLIE HOUSE MONTGOMERY CRAVEN, APPELLANT AND CROSS-APPELLEE, V. PAUL A. PINION, EXECUTOR, ET AL., APPELLEES: HERBERT V. BIRK ET AL., APPELLEES AND CROSS-APPELLANTS.

FILED NOVEMBER 15, 1935. No. 29370.

*Howard Saxton* and *Allen & Requartte,* for appellants.

*James H. Hanley* and *John C. Mullen, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOSS, C. J.

This is an appeal from a judgment relating to the probate of the will of John R. House.

The will was made on December 23, 1926, and testator died the next day. The will devised approximately one-half of testator's real estate to his wife and the remainder to his executor in trust, with instructions to pay the net income from this portion to Nellie House Montgomery Craven, his only child. Upon her death, leaving issue, the

real estate devised in trust was to pass to her "lineal heirs at law absolutely in fee simple." If she failed to leave issue, such real estate was to go to testator's heirs at law related to him "by blood." The will bequeathed to testator's wife and daughter, share and share alike, all his personal property except his stock in a certain grain company, which stock was bequeathed to the grain company. The estate consisted of more than 2,000 acres of fine land and of more than $30,000 in personal property.

The will was admitted to probate in the county court on February 28, 1927. October 15, 1929, Nellie House Montgomery Craven filed a petition in the county court, asking revocation of the probate of the will on the grounds that the executor and his attorney intentionally and fraudulently concealed from her the mental and physical incompetency of testator to make the will, alleging that she brings this action immediately upon the discovery of the facts as to . the incompetency of testator. Issues were joined by pleadings filed by the parties interested and who had not been defaulted for want of pleadings filed by November 26, 1929. On December 11, 1929, the county court entered a decree revoking the order of February 28, 1927 (admitting the will to probate) and set the hearing for the probate thereof for December 12, 1929, on which date the county court found that the instrument was not the last will and testament of John R. House, ordered its probate refused and appointed William T. Craven, husband of Nellie House Montgomery Craven, as the administrator of the estate of John R. House. Craven gave bond, receipted to Pinion, Executor, for the property described in the executor's final report, and the interested defendants appealed to the district court.

The cause was twice tried in the district court, once by Judge Ryan and once by Judge Spear. In the first trial the court ruled that the case should be tried to a jury on the contest of the will and to the court on the question of setting aside the probate. It was so tried and the jury disagreed. In the second trial the judge followed the same

procedure. His order, made at the beginning of the trial, was: "Thereupon the court decided to hear the issues on the petition for revocation of probate of the will to the court itself without a jury, and decided that the issues on the petition for probate of the will, the objections thereto, and the contents thereof, be tried by the jury."

On September 22, 1933, the jury returned a five-sixths verdict, finding that the instrument offered for probate was the last will and testament of John R. House, deceased. On May 21, 1934, the court found that plaintiff was entitled to present to the court and jury the issues raised by her petition for revocation, ordered the will admitted to probate and that the judgment be certified to the county court and proceedings be there had to carry out the terms of the will. In legal effect this reversed the judgment of the county court and allowed the former probate of the will to stand. Plaintiff appealed and defendants undertook to cross-appeal.

Plaintiff raises at the outset her objection that defendants failed, in the transcript from the county court to the district court, to include or to show any petition for the probate of the will of John R. House. She argues that such a petition was absolutely necessary to be shown in the transcript to give the district court jurisdiction of the subject-matter.

In answer to this contention defendants cite *In re Estate of Francis,* 94 Neb. 742, where, on page 743, this language appears in the opinion: "It was first contended that no petition for the probate of the copy of the alleged will was ever filed in the county court, and therefore that court was without jurisdiction. The transcript, however, recites that such a petition was filed, and, although no copy of it is found in the record, still the recitation of the fact of the filing of such a petition will be taken as true, and therefore the court was not without jurisdiction."

It is to be noted that in the above case the opinion says that the transcript "recites that such a petition (for probate of the copy of an alleged will) was filed." We have ex-

amined the transcript in the case and find it contains what the opinion says it contains. We have also examined the original briefs in that case and find that much of their content was used in discussing the precise point passed upon by the court in the few lines above quoted.

In the instant case the action was begun by plaintiff in the county court by the filing of the "Petition for Revocation of Will." It recited with particularity the presenting by Paul A. Pinion of the will of the deceased and a petition for the appointment of Pinion as executor thereof; that on February 28, 1927, a decree was entered by the county court admitting said instrument to probate as the last will and testament of John R. House, the issuance of letters testamentary to him, and that he is now the duly qualified and acting administrator and the trustee appointed under said will. The petition alleges the incompetency of plaintiff, her recent discovery of them and her freedom from laches, and prayed that the decree admitting the will to probate be set aside, that the letters testamentary be revoked, that the instrument be not adjudged the last will of John R. House, but that William T. Craven, or some other suitable person, be appointed administrator, "and for such other relief as be just and equitable." The issues were made up in the county court on the theory that this petition was the beginning of the action and all parties tried it there upon that theory. In the district court, in open court, all parties to the action stipulated that the case should be tried upon the pleadings filed and used in the county court and an order to that effect was journalized and appears in the transcript brought to this court.

When, upon a petition to probate a will, the will is admitted to probate and later a petition in equity for revocation of the probate of said will is duly filed and issues thereupon are duly made up and tried in the county court, a transcript of the proceedings will not be deemed insufficient to confer jurisdiction of the subject-matter upon the district court when it fails to contain the petition for probate of the will, if the petition for revocation recites the

fact of the petition for probate and the parties stipulated in the district court that the cause should be tried there upon the pleadings filed and used in the county court. In such a situation the action is considered as begun with the filing of the petition for revocation of probate.

Defendants attempted to cross-appeal. Their præcipe giving notice thereof was filed in this court January 9, 1935. Paragraph 2, rule 7 of this court, requires the præcipe for a cross-appeal to be filed on or before the day originally fixed for the filing of appellant's brief. That day was September 17, 1934. Therefore the præcipe for cross-appeal was filed too late. It is true that extensions of time were granted to appellant, but that does not extend the time for taking the cross-appeal because this is ruled by the time "originally fixed" for the filing of appellant's brief. We have so held. *Ellingwood v. Schellberg,* 121 Neb. 207. So the cross-appeal was not perfected and we cannot consider it.

Plaintiff complains and alleges error because all of the cause on appeal in the district court was not tried to the court instead of submitting a part of the issues to the jury; that if any part of the case was to be submitted to a jury the court erred in not submitting all of it to the jury.

As we view the situation, this cause on appeal never reached the stage where it was necessary to submit any feature of it to a jury. After the will had been duly admitted to probate, upon evidence satisfying the county court of the competency of the testator and of the execution of the will in the manner provided by statute, the plaintiff filed her petition in equity to revoke probate of the will. Upon trial in the county court of the issues, the contestant prevailed and the admission of the will to probate was ordered revoked. Defendants appealed. The issue first to be decided in the district court was whether the county court was justified in revoking the probate. That was an issue for the court alone and not for a jury. It should have been disposed of in the district court before any jury was there called to pass upon whether the testator was competent

when he made the will and whether it was executed according to and was in the form provided by law. If plaintiff failed to prove to the district court that she had been defrauded out of her right to contest the probate of the will in the county court, then it was the function of the district court to find for the contestants and to order the county court to restore the status of the probate proceeding to the position occupied when the county court entered the erroneous order, from which defendants had duly appealed. As we understand the orders of the district court, it was there found and ordered by the court that the will should stand as originally probated. There never arose any occasion for the use of a jury in the district court. Its finding was unnecessary, its action nugatory.

The court heard all the evidence. The effect of the judgment was that the probate should not have been revoked and that the county court should restore the parties to their former status. If the court heard unnecessary evidence on the supposed jury question, that was, of course, not prejudicial.

Considering the matter *de novo,* we find there was ample evidence to justify the conclusion of the district court. Plaintiff, who resided in Oregon, came home to attend her father's funeral. The will was read to her two or three days after the funeral. She knew there was a trust provision in the will and wanted to get that cleared up so she would have a fee simple title. She discussed it with Mr. Smith, attorney for the estate, and wanted him to get the probate of the will put off until the trust feature could be adjusted or until she and her husband came from Oregon in the spring of 1927. She returned to Oregon a few days after the funeral and corresponded with Mr. Smith and with her mother. She had a letter from a law firm in Omaha relating to the matter. The notice of the hearing to probate the will February 28, 1927, was published in a Pender paper and she regularly received that paper. She testified Smith advised her by letter that "Mr. Flynn (the county judge) said he would have to probate it and it was

going to be probated over my head." Plaintiff and her husband discussed the situation and Mr. Craven answered the letter from Mr. Smith, saying in part: "We think that things will all work out to the best anyhow within a short time, and Mrs. Craven asks me to tell you to go ahead with the probate of the will, as you suggest, if you will put myself in as executor when I can get back." Plaintiff admitted on cross-examination that the above quotation from her husband's letter to Smith was a part of the conversation between herself and husband concerning Mr. Smith's letter. After Mr. and Mrs. Craven returned from Oregon in the spring of 1927, Mr. Craven looked after her interests in the farms she got in trust under the terms of the will, supervising the work with Mr. Pinion, the executor. They arranged leases, painted buildings and repaired fences. This continued through 1928 and 1929, as long as Mr. Pinion was executor. When he was removed late in 1929 and Mr. Craven was appointed administrator, he took full charge. The Cravens have continued to make their home in Pender since May, 1927. This is a brief sketch of the evidence, justifying the finding that no fraud was perpetrated upon plaintiff as to the probate of the will. She was at all times either in possession of all facts relating to the execution or probate of the will or was charged with notice sufficient, if followed up, to have put her upon full inquiry, as to those matters.

"Where the fraud relied upon, for the vacation of a decree admitting a will to probate, is of such a character that it would have been available to defeat the probate of the will, an allegation that the plaintiff had no actual notice of the proceedings is not sufficient to excuse his failure to contest the will, where it appears that notice of the proceedings was given according to law, and he had notice of facts sufficient to put him upon inquiry." *Miller v. Estate of Miller*, 69 Neb. 441.

We are of the opinion the judgment of the district court was right. It is

AFFIRMED.