FRANK W. KETTENBACH, ADMINISTRATOR, V. OMAHA LIFE ASSOCIATION ET AL.

FILED MARCH 3, 1897. No. 6956.

Life Insurance: WARRANTIES: REPRESENTATIONS: CONSTRUCTION.

MOTION for rehearing of case reported in 49 Neb., 842. *Motion overruled.*

*Byron G. Burbank,* for the motion.

RAGAN, C.

The defense of the insurance company to this action proceeded upon two theories: (1) That the statements made by the assured in his application were warranties; and (2) that if the statements made were representations they were false. In the opinion filed in the case we held that the statements of the assured in the application were representations, and not warranties, and that in order for the falsity of the representations made by the assured to constitute a defense to the action it was incumbent upon the insurance company to plead and prove that the statements and answers alleged to have been made by the assured in his application were actually made by him as therein written; that these statements were false; that they were false in some particular material to the insurance risk; and that the insurance company relied and acted upon such statements.

After a re-examination of the case we adhere to all the propositions of law already announced. But the insurance company claims that it is entitled to a rehearing, for the reason that there was no question of fact which the district court should have submitted to the jury. For the purposes of this motion, and this motion only, we assume that the assured made the statements and answers written in his application; that some of these state-

ments were false; that they were false in some particular material to the insurance risk; and proceed to inquire whether the undisputed evidence in the record discloses that the insurance company relied and acted upon such representations. The insurance company, in its answer filed in the district court, alleges: "That if said William F. Kettenbach had informed this defendant　*　*　* that he was afflicted with or had symptoms of exophthalmic goiter or impotency, and was subject to jaundice, bleeding piles, or other diseases, this defendant　*　*　* would not have entered into said contract of insurance." This is not an affirmative plea, on the part of the insurance company, that the assured made a representation that he was not afflicted with any of the diseases named, and that such representation was false, and that the insurance company believed the representation made to be true and in consequence thereof issued the policy in suit. Assuming, however, that the plea is sufficient, does the uncontradicted evidence support it? It appears from the record that one Esmond was secretary, one Bechtel president, and one Dr. Knode was the medical director of this insurance company at the time the policy in suit was issued; that these three gentlemen constituted the executive board, or the examining board. Mr. Esmond testified that he examined the application of the assured and relied upon it. Mr. Bechtel testified that he examined the application and relied upon it. It also appears that the insurance company caused the assured to be examined by a Dr. Kelley, who was an agent or employe of this insurance company for that purpose. Dr. Kelley made his examination of the assured, and it appears in full as a part of the assured's written application and bears date the day after that application was signed. In this application Dr. Kelley certified that he had made a personal private examination of the assured, and he gave his opinion that the assured would survive the term of his expectancy of life; that he had discovered nothing in the assured which affected the risk; that he believed

him to be safely insurable, and that, after reviewing the
assured's state of health, he considered the risk first class.
This report of Dr. Kelley is very full and very minute.
It sets out the color of the hair, eyes, and skin of the
assured; gives his complexion; describes his figure;
states that he had a sanguine temperament; gives the
rate of his pulse per minute, standing and sitting; the
volume of his pulse; states that it is regular; gives the
number of his respirations per minute; gives the circum-
ference of his chest during a forced expiration, tranquil
respiration, and forced inspiration; describes the action
of his heart as being uniform, free, and steady; states
the appearance of his tongue, and states other facts con-
cerning the organs of the assured and their functions
and the condition of the assured's health that he could
not have given had he not made, as he stated, a careful
and private examination of him.   Mr. Esmond and Mr.
Bechtel both testified that while they relied upon the
application of the assured, they also examined this report
of Dr. Kelley, and that they as implicitly relied upon
that as they did upon the application of the assured.   But
this is not all.   Mr. Bechtel testified for the insurance
company that if the application of the assured had dis-
closed that he had been afflicted with piles or impotency,
that the insurance would not have been refused neces-
sarily for that reason if it appeared that he had recov-
ered; or in any event, that the company would have been
governed in the premises by the advice of Dr. Knode, its
medical adviser.   The evidence does not show that this
examination board, as such, ever examined or passed
upon the application made by the assured; nor does it
show that the medical examiner of this company ever saw
this application or this report of Dr. Kelley; he was
not called as a witness.   We conclude, therefore, that if
it be assumed that the assured made false representa-
tions in his application, and if it be assumed that the
insurance company has, by its pleading, put the making
and reliance upon these false representations in issue,

still the district court had no right to decide the question at issue, whether the insurance company relied upon these representations, and because of its reliance thereon issued the policy in suit. That was a question for the jury to determine, and the district court invaded the province of the jury when it took that question from it. The motion for rehearing is overruled.

REHEARING DENIED.