OMAHA LIFE ASSOCIATION V. FRANK W. KETTENBACH, ADMINISTRATOR.

FILED JUNE 9, 1898.    No. 9966.

1. **Law of the Case: REVIEW.** "The determinations of questions presented to this court in its review of the proceedings of an inferior tribunal become the law of the case, and, ordinarily, will not be re-examined in a subsequent review of the proceedings of the inferior tribunal on a second trial, or hearing of the cause." (*Coburn v. Watson*, 48 Neb. 257.)

2. **Special Findings: GENERAL VERDICT: JUDGMENT.** To entitle a party to a judgment on the special findings of a jury, where the general verdict is against him, such findings must establish all the ultimate facts from which his right to a judgment results as a necessary legal conclusion.

ERROR from the district court of Douglas county. Tried below before DICKINSON, J. *Affirmed.*

*Byron G. Burbank,* for plaintiff in error.

*Macfarland & Altschuler, contra.*

SULLIVAN, J.

This case was here before. An opinion reversing the judgment of the district court and remanding the cause for another trial will be found reported in 49 Neb. 842. There was, also, a supplemental opinion denying a rehearing, which appears in 50 Neb. 846. The application for insurance contained a large number of categorical answers to questions propounded by the insurer to the insured for the purpose of determining the advisability of issuing the policy in suit. In relation to these answers the application provides: "And I do hereby declare and agree that each and every statement and answer contained in this application is material to the risk, and I do hereby warrant all the answers and statements, and each and every one of them contained herein, whether written by my own hand or not, to be full, complete, and

true, and it is agreed that this warranty shall form the basis and shall be a part of the contract between me and said association, and that it is the consideration of the contract hereby applied for. I do further agree that if any of the answers or statements made and contained herein are not full, true, and complete, or that if the same, or any of them, whether made in good faith or otherwise, are in any respect untrue, then said policy and this contract shall be null and void." The policy itself contains this clause: "If any statement made in the application for this policy of insurance is in any respect untrue, then, and in each and every such case, the consideration of this contract shall be deemed to have failed, and this policy of insurance shall be null and void." On the second trial the jury returned a general verdict in favor of the plaintiff, together with the following special findings of fact:

"1. Were the statements and answers as written in the application for the policy in this suit made by the deceased, William F. Kettenbach? Answer: Yes.

"2. Were the statements and answers in said application for said policy made intentionally by the said William F. Kettenbach. Answer: Yes.

"3. Did the said William F. Kettenbach, within ten years prior to the date of said application, January 15, 1891, consult and obtain medical treatment of Dr. O. S. Runnels, or of any medical man other than Dr. Morris? Answer: Yes.

"4. Did Dr. Runnels treat professionally the said William F. Kettenbach, deceased, in the years 1887, 1888, and 1889? Answer: Yes.

"5. Did the said William F. Kettenbach have the disease of exophthalmic goitre in 1887, or in 1888, or 1889? Answer: No.

"6. Did the deceased, William F. Kettenbach, at the date of said application have the disease of exophthalmic goitre? Answer: No.

"7. Did the Pythian Life Association, which is the

predecessor of the defendant, the Omaha Life Associa-
tion, rely and act upon the statements and answers in
said application for said policy by issuing the policy in
suit to the said William F. Kettenbach, deceased? An-
swer: Yes.

"8. Did the said William F. Kettenbach, deceased, die
of the disease of exophthalmic goitre? Answer: Yes.

"9. Did the said William F. Kettenbach, within three
years prior to 1891, have a disease of the genito-urinary
organs? Answer: Yes.

"10. Did Dr. Runnels treat professionally the said
William F. Kettenbach in 1887, 1888, or 1889, for im-
potency? Answer: Yes.

"J. W. COBURN, *Foreman.*"

Upon these findings the defendant moved for judg-
ment. The court denied the motion and gave judgment
for the plaintiff on the general verdict.

The question presented for decision is whether the
facts established by the special verdict are conclusive
of defendant's right to a judgment in its favor. We think
they are not. Speaking of the essential elements of a
good defense to the action it was said in the former
opinion: "That in order for such representations to con-
stitute a defense to this action it is incumbent upon the
insurance company to plead and prove that the state-
ments and answers were made as written in the appli-
cation; that they were false; that they were false in some
particular material to the insurance risk; that they were
made intentionally by the insured; and that the insur-
ance company relied and acted upon such statements;
and these were questions of fact and not of law."

In the opinion on the motion for a rehearing this lan-
guage is used: "The defense of the insurance company
to this action proceeded upon two theories: (1) That the
statements made by the assured in his application were
warranties; and (2) that if the statements made were
representations they were false. In the opinion filed in
the case we held that the statements of the assured in

the application were representations, and not warranties, and that in order for the falsity of the representations made by the assured to constitute a defense to the action it was incumbent upon the insurance company to plead and prove that the statements and answers alleged to have been made by the assured in his application were actually made by him as therein written; that these statements were false; that they were false in some particular material to the insurance risk; and that the insurance company relied and acted upon such statements. After re-examination of the case we adhere to all the propositions of law already announced." On the first trial it was conclusively proven that the assured in his application falsely represented that he had never had a disease of the genito-urinary organs, and that he had not, within ten years prior to the date of the application, consulted or obtained the advice of any medical man other than Dr. Morris. Because these facts were so proven the trial court peremptorily instructed the jury to find for the company, and a judgment was accordingly entered in its behalf. That judgment this court reversed, holding, in the language above quoted, that the defendant could not succeed in the action without a finding of fact by the jury that the representations were false in some particular material to the risk. The decision thus rendered became the law of the case, and the trial court, acting in obedience to its authority, ignored the special findings, because they lacked one element which this court adjudged to be essential to a complete defense. This action of the court was entirely correct, and its judgment will be affirmed without re-examining the propositions settled by the former decision. In the case of *Hale v. Ripp*, 32 Neb. 259, a verdict was returned for the defendant pursuant to a peremptory direction of the trial court. A judgment rendered on this verdict was reversed on the ground that there was an issue of fact for submission to the jury. After a verdict for the plaintiff and a judgment thereon

the case came again to this court for review, the defendant insisting that the evidence on both trials was the same, that there was no disputed question of fact in the case, and that the court erred in taking the verdict of the jury and basing a judgment thereon. Answering this argument the present chief justice, in *Ripp v. Hale*, 45 Neb. 567, said: "The district court in the second trial of the case obeyed the direction of this court as embodied in its opinion rendered at the former hearing, and its action in so doing was the only correct and proper one, and in so far as the former adjudication of the case in this court related to the facts developed during the trial, and their sufficiency to require a submission of the issues to the jury for their consideration and determination, it will not now be re-examined, but will be adhered to. The rule of law which was announced in the former decision as being applicable to the facts became the law of the case and must now be allowed to govern in its disposition, and, viewed in the light of such rule, the evidence was sufficient to sustain the verdict rendered." In rendering judgment in this case it is quite evident that the learned judge who presided at the second trial was guided by, and acted in strict conformity with, the law of the case as declared in the former opinion. There is no error in the record and the judgment is

AFFIRMED.

IRVINE, C., dissenting.