WILLIAM WALLACE ET AL. V. SARAH SHELDON ET AL.

FILED SEPTEMBER 23, 1898.    No. 8240.

| 56 | 55 |
| 61 | 837 |

1. Costs: LIABILITY OF PARTIES. The courts have no inherent power to award costs to a litigant. The right to costs is a statutory one.

2. ———: ———. The provisions of the Code on the subject of costs examined, and *held* to establish the following principles: (1)

Generally, costs follow the judgment—are awarded the successful and taxed to the losing party; (2) *prima facie*, the unsuccessful litigant is liable for costs; and, to justify a judgment awarding him costs, either an express statute must intervene, or the circumstances be such that a judgment against him for costs would be inequitable.

3. ——: ——. The discretion conferred on the courts by section 623 of the Code is not an arbitrary, but a legal, one, to be exercised within the limits of legal and equitable principles.

4. ——: ——: CONTEST OF WILL: ATTORNEY's FEES. The courts are not invested with the discretion to award costs or attorney's fees to an unsuccessful contestant of a will simply and solely because of the fact that he undertook the contest in good faith, and at the time there existed probable cause therefor.

ERROR from the district court of Douglas county. Tried below before AMBROSE, J.   *Reversed.*

SEE opinion for references to cases.

*Lee Helsley* and *Charles Offutt*, for plaintiffs in error.

*Wm. O. Gilbert* and *O'Neill & Gilbert*, contra.

RAGAN, C.

Mary E. Ramacciotti died in Douglas county, leaving a paper purporting to be her last will and testament, in and by which she appointed William Wallace and Louis Reed of the city of Omaha her executors. These gentlemen produced said will in the county court of said county, and demanded its probate. The heirs at law of the deceased appeared in the county court and contested the validity of the alleged will. The contest resulted in a judgment of the county court establishing the validity of the will. The contestants thereupon appealed to the district court where another trial was had, which resulted in a judgment affirming the judgment of the county court. That judgment remains in force. The district court upon motion of the contestants taxed all the costs expended by them in the contest, including the fees of their counsel, to the estate of the testatrix. To

review this judgment the executors have filed here a petition in error.

The power of a court to award costs to a litigant is not an inherent one. The English law courts found their right to exercise the power in legislative provisions, and it seems to have been thought necessary to specially and expressly authorize the English chancery courts to exercise the power by act of parliament. In this country the power of the courts, both federal and state, if not found in statute or contract of the parties, does not exist. The cases construing statutes on the subject of costs establish this general rule: Costs follow the judgment—are awarded the successful party and taxed to the losing party. (5 Ency. Pl. & Pr. 106.) To this general rule there are some exceptions. A familiar one is the allowance to an executor of the necessary costs and expenses incurred by him in unsuccessfully defending a contest against the will of his testator. (*Andrews' Executors v. His Administrators*, 7 O. St. 143.) The courts justify this exception on the theory that the executor is a trustee, and, having accepted the trust, is bound to defend the trust estate. Another exception to the general rule that only the successful party may recover costs arises in cases in which an executor, devisee, or legatee of a will applies to a court for a proper construction of the instrument; and still another exception arises where property or a fund is in court, or under the control of the court, and various parties claim interests in or liens upon this fund or property. In such cases the exception of allowing costs to the unsuccessful party is justified by the courts upon the theory that the proper construction of the will or the determination by the court of the rights to the fund or property is alike beneficial to all parties. (*McClary v. Stull*, 44 Neb. 175.) The Code of Civil Procedure provides:

"Section 620. Where it is not otherwise provided by this and other statutes costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions

for the recovery of money only, or for the recovery of specific real or personal property."

Section 621 provides that a plaintiff shall not recover costs if a justice of the peace had jurisdiction of the action and the same was brought in any other court; nor, in certain actions, unless he recovered more than five dollars.

Section 622 of the Code provides: "Costs shall be allowed of course to any defendant upon a judgment in his favor in the actions mentioned in the last two sections."

Section 623 provides: "In other actions the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable."

The action in which the order complained of was made was not one for the recovery of money only, nor for the recovery of specific real or personal property. Nor was the action one mentioned in said section 621 of the Code; but the action was one of the "other actions" named in section 623, and in which action the court was invested with the discretion to tax and apportion the costs. It will thus be seen that these provisions of the Code sustain the general rule that costs follow the judgment—are awarded to the successful and taxed to the losing party. We think also that these provisions of the statute justify this rule: *Prima facie* the unsuccessful litigant is liable for costs, and, to justify a judgment in his favor for costs, either an express statute must intervene, or the circumstances be such that a judgment against him for costs would be inequitable. (*Clark v. Reed*, 11 Pick. [Mass.] 446; *Saunders v. Frost*, 5 Pick. [Mass.] 259.) While the court is invested by said section 623 of the Code with discretion to award costs to an unsuccessful contestant of a will such discretion is not an arbitrary one, but a legal discretion, to be exercised within the limits of legal and equitable principles.

The district court found that the defendants in error

instituted and carried on the contest of this will in good faith, and that there existed at the commencement of the contest probable cause therefor; and upon these grounds it based its order allowing these contestants to recover their costs and attorney's fees out of the estate of the testatrix. In making this order we think the district court erred. The order was an abuse of the court's discretion. Because the contest was instituted in good faith and there existed probable cause therefor do not of themselves establish that a judgment against the unsuccessful contestant for costs would be inequitable. In the absence of an express statute, the right of a contestant of a will to recover costs, if successful, or his liability to pay costs, if unsuccessful, cannot be made to depend upon the motive which influenced him to undertake the contest. If the doctrine be carried to its logical conclusion, then the successful contestant of a will would be deprived of his right to recover costs if it appeared that at the time he undertook the contest he did not do so in good faith, and did not have reasonable grounds for beginning the contest. To adopt the doctrine of motive would be to open the courts, and invite the disappointed, the discontented, and the litigious to scramble for the property of the dead man's estate, assuring them in advance that they had everything to gain and nothing to lose, since the costs and expenses, including attorneys' fees incurred by them, would in any case be charged to the estate. Such we are persuaded is a wrong construction of the Code. We are aware that in *Mathis v. Pitman*, 32 Neb. 191, and in *Seebrock v. Fedawa*, 33 Neb. 413, the unsuccessful contestants of a will were allowed to recover their costs and attorneys' fees, upon the ground that they had instituted the contest in good faith, and that reasonable grounds existed for instituting the contest. But a re-examination of the question convinces us that that conclusion is wrong, and, in so far as those cases announce that doctrine, they are overruled.

In *Clapp v. Fullerton*, 34 N. Y. 191, the court permitted the unsuccessful contestant of a will to recover his costs and seems to have based its conclusion upon the ground that the contest was instituted in good faith and with probable cause therefor. There is, however, no discussion of the question by the court and for aught the opinion discloses it may have been based upon the express provisions of a statute. But the doctrine announced in that case is no longer the doctrine of the New York courts. (*In re Wilson*, 8 N. E. Rep. [N. Y.] 731.)

In *Carter v. Carter*, 12 S. W. Rep. [Ky.] 385, the heir at law unsuccessfully contested the will and the circuit court allowed the contestant to recover her costs and attorney's fees against the estate. The court of appeals of Kentucky reversed this judgment and we cannot better express our views of the question under consideration than to quote the language of Pryor, J., who delivered the opinion of the court of appeals: "There was no more reason for allowing the heir at law her costs, if unsuccessful, in this litigation than there would have been in any ordinary action decided adverse to her claim. She may have had probable cause for doubting the mental capacity of her sister to execute such a paper, or to question the testamentary act upon other grounds; still, this will not authorize the court to require the successful party to pay the costs. The court and jury have said that no legal grounds existed for invalidating the paper, and this appellee, like any other unsuccessful litigant, must pay the costs of the litigation, such as are usually taxed in favor of the one party against the other in ordinary actions, each party paying their employed attorneys."

We do not attempt to formulate a rule for determining what state of facts will justify a court in any case in awarding costs to an unsuccessful litigant; but what we do decide is that the courts are not invested with the discretion to award costs or attorneys' fees to an unsuccessful contestant of a will simply and solely because of the

fact that he undertook the contest in good faith, and at the time he did so there existed probable cause for the contest. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.

NORVAL, J. I dissent.