IN RE ESTATE OF WILBUR O. AYER.
FIRST TRUST COMPANY OF LINCOLN, APPELLANT, V.
MARSHALL W. AYER ET AL., APPELLEES.

FILED NOVEMBER 19, 1926.    No. 24885.

1. **Wills: VALIDITY: COMPETENCY.** In a proceeding to probate a will, where the only question relates to the competency of the testator, and where it appears that he is not generally insane, but suffers from insane delusions with respect to a particular subject, the question for determination is whether he was the

subject of such a delusion as controlled or influenced his action in making the will.

2. ——— : ——— : ———. A testator, who is not generally insane, but who suffers from insane delusions, is competent to make a valid will, provided the insane delusions from which he is suffering do not control or influence his action in making the will.

APPEAL from the district court for Nuckolls county: ROBERT M. PROUDFIT, JUDGE. *Reversed.*

*Hall, Cline & Williams* and *F. H. Stubbs,* for appellant.

*Good, Richardson & Good* and *T. W. Cole, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

This is an action to determine whether a written instrument, purporting to be the will of Wilbur O. Ayer, deceased, late of Nuckolls county, Nebraska, is, in fact, the will of the deceased and entitled to be admitted to probate. The instrument was executed on the 11th of September, 1923, and Mr. Ayer departed this life on the 7th of January, 1924. The proponent, the First Trust Company, of Lincoln, was named in the instrument as executor. Mr. Ayer left surviving him as his next of kin an only child, Marshall W. Ayer, the contestant herein. The trust company proposed the will for probate. Contestant filed an answer in which he alleged that his father was suffering from paranoïa and insane delusions respecting his son; that these insane delusions controlled and influenced the father in the making of the instrument, and that it was not a valid will.

A trial in the county court resulted in a judgment that the instrument was the will of the deceased and ordering it to be probated. Contestant appealed to the district court, and, on a trial of the issues in that court, a verdict and judgment thereon were rendered against the validity of the will. The district court directed that the costs be taxed to

the estate of the deceased. Proponent appeals, and contestant prosecutes a cross-appeal upon the question of the taxation of costs.

Proponent has assigned many errors, but relies, apparently, upon three:    (1) That the verdict is contrary to and not supported by the evidence; (2) error in the admission of evidence; (3) error in the instructions.

We have examined the evidence sufficiently to satisfy ourselves that there was sufficient evidence tending to prove that Mr. Ayer, at the time of making the will and for some time prior thereto, was laboring under delusions respecting his son and the relations between them which may have controlled or influenced the making of the will, and that the question as to whether or not he was competent to make a will was a question for the jury, under proper instructions.

We have examined the ruling on the admission of evidence of which proponent complains and find no error.

A more serious question is presented as to an instruction given to the jury. It is as follows:

"You are instructed that, if you should find from a consideration of all the evidence that the deceased Wilbur O. Ayer suffered from delusions concerning his only son Marshall W. Ayer, which rendered him insensible to the ties of blood and kindred between him and his son Marshall W. Ayer, you will find for the contestant."

The rule is that where a testator is not generally insane, but suffers from insane delusions with respect to a particular subject, the question for determination is whether he was the subject of such a delusion as controlled or influenced his action in making the will. *McClary v. Stull*, 44 Neb. 175; *In Re Estate of Ayers*, 84 Neb. 16. In the course of the opinion in the latter case it is said (p. 24) :

"This court has laid down the rule that, where the insanity is not general, the question to be determined is whether the subject was the victim of such delusions as controlled his actions and rendered him insensible to the ties of blood and kindred."

The instruction under consideration directs the jury to find for the contestant if testator has suffered from delusions as therein described, regardless of the fact that such delusion may not have existed at the time of the making of the will, and regardless of whether or not it controlled or influenced the testator's action in making the will. A testator may suffer from insane delusions and yet make a valid will, provided the insane delusions from which he is suffering do not control or influence his action in making the will.

It may be urged that in another instruction the court informed the jury that evidence relating to the mental condition of the testator at any time prior to September 11, 1923 (the date of the will), would not establish such condition at the date of the making of the will, but was admitted for the purpose of throwing light on his condition on said date, and should be considered for that purpose only. However, in the instruction given, of which criticism is made, the question of whether the testator was sane or insane at any time was not mentioned. By the instruction, the mere fact that testator may have, at some time, suffered from delusions, such as described in the instruction, would be sufficient to set aside the will. Such is not the law as we understand it. The giving of the instruction was prejudicial to the proponent.

Respecting the cross-appeal, which involves the question of whether costs should be taxed to the estate, we think it unnecessary to consider or determine that question at this time. Since the judgment must be reversed and remanded because of the erroneous instruction given, the question of costs should be left until the final determination of the case.

Because of the error in the instruction given, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

DAY, J., dissenting.

The decision in this case, as I understand it, turns upon

an error in an instruction given by the trial court which is set out in the opinion.

I agree that the instruction is subject to the criticism stated in the opinion. In view of the entire record, it does not seem to me that the jury were mislead by the instruction, and therefore the error was without prejudice.

I respectfully dissent from the conclusion of the majority of the court.

MORRISSEY, C. J., and DEAN, J., concur in this dissent.