IN RE ESTATE OF JAMES KERR.
DAVID ARMSTRONG, APPELLANT, V. MARGARET WALL ET AL., APPELLEES.

FILED NOVEMBER 23, 1928.   No. 25953.

*T. T. Bell, Prince & Prince* and *Haggart & Haggart*, for appellant.

*Taylor & Spikes, Charles W. Dobry,* and *Hall, Cline & Williams, contra.*

Heard before Goss, C. J., Rose, Good and Eberly, JJ., and Redick, District Judge.

Rose, J.

This is a proceeding to probate a written instrument as the will of James Kerr, a bachelor residing in Howard county. The instrument offered for probate was in legal form a will. It was dated December 26, 1923, was signed by James Kerr as testator and was witnessed by two persons. It purported to leave real estate and personal property exceeding in value $40,000 to David Armstrong, a cousin of testator, without mentioning nearer relatives. Kerr died February 18, 1926, at the age of 67 years. Armstrong was nominated in the will as executor. As proponent he offered the will for probate in the county court of Howard county, where it was assailed by a brother of testator, by four sisters and by children of three deceased sisters, all of them contestants on the ground, among others, that Kerr was mentally incapacitated at the time from making a valid will. The county court admitted the will to probate and contestants appealed to the district court. At the close of a protracted trial there, the jury rendered a general verdict in favor of contestants, finding that the

instrument offered for probate was not a valid will. From a judgment on the verdict proponent appealed to the supreme court.

The sufficiency of the evidence to sustain a finding that testator did not have mental capacity to make a will December 26, 1923, was challenged by motion for a peremptory instruction in favor of proponent and by a motion for a judgment probating the will notwithstanding the general verdict. The question raised by those motions was vigorously presented on appeal and required examination of a record containing over 1,000 pages of typewritten matter. On review in the supreme court this issue of fact is not to be determined by a preponderance of the evidence. Here the case is not for trial *de novo*. The question for determination is the sufficiency of the evidence to sustain the general verdict of the jury. *In re Estate of O'Connor*, p. 636, *post*. Owng to the great volume of testimony admitted during the trial in the district court, an analysis of the evidence in an opinion is deemed to be impracticable. Evidence relating to mental capacity was conflicting and presented a question for the jury. Incidents and circumstances detailed by witnesses and opinions expressed by them were sufficient to sustain a general finding that James Kerr, when he signed the instrument offered for probate, was controlled by insane delusions with respect to his brother and sisters. The evidence was also sufficient to warrant the inference that hostility toward them was without justification in reason. These deductions inhere in the general verdict that the instrument offered for probate was not the valid will of decedent. Upon consideration of the case from every standpoint the conclusion is unanimous that the verdict should not be set aside on the ground that it is not supported by sufficient evidence.

Several assignments of error were directed to special interrogations, to answers of the jury and to rulings in relation to those subjects. Interrogatories requested by proponent and submitted to the jury follow: (1) "Did the

deceased, James Kerr, at the time he signed the instrument tendered in evidence as his last will and testament, understand the nature of the instrument which he was signing?" (2) "Did the deceased, James Kerr, at the time of signing said instrument, comprehend generally the nature and extent of the property which constituted his estate?" (3) "Did the deceased, James Kerr, at that time know his relatives and did he know whom he desired to make the object of his bounty?" To each of these the jury answered "Yes."

Contestants requested and the court gave two additional interrogations in the following form: (4) "Was James Kerr, at the time of the execution of the purported will, of sound mind?" (5) "If James Kerr knew what property he had and who the natural objects of his bounty were, at the time of the execution of the purported will, was he at such time laboring under any insane delusions regarding the natural objects of his bounty, which rendered him insensible to the ties of blood and kindred and which controlled or influenced him in the execution of said purported will?" To the first of these the jury answered "No" and to the second "Yes."

The fourth and fifth interrogatories were submitted and answered without objection. Thereafter proponent assailed the fourth interrogatory by motion to set it aside on the ground that it was incompetent, irrelevant and immaterial and not supported by the evidence. The fifth was likewise assailed, including the additional ground that it was not within the issues. The motions attack also the special findings of the jury in answering those questions. Taking the position that questions four and five and the answers thereto should have been stricken out, proponent moved for judgment in his favor on the first, second and third special findings notwithstanding the general verdict. Conceding for the purposes of a decision that the proper method was pursued in the attempt to eliminate the fourth and fifth questions and the answers thereto, but not ruling on that point, it seems clear that the position taken

by proponent is untenable. In the answer of contestants to proponent's petition for the probating of the will it was alleged:

"At the time of the execution of said instrument offered for probate, the said James Kerr did not have mental ability and testamentary capacity to execute a will and was not of sound mind and memory."

Contestants adduced testimony tending to prove that testator, with respect to relatives who would inherit his property in absence of a will, had insane delusions that rendered him insensible to the ties of blood and kindred and that controlled him in making the instrument offered for probate. This testimony was within the issues. A person who may make a will is described by statute as follows:

"Every person of full age and sound mind, being seised in his own right of any lands, or any right thereto, or entitled to any interest therein, descendable to his heirs, may devise and dispose of the same by his last will and testament in writing." Comp. St. 1922, sec. 1241.

A "sound mind" is essential to testamentary capacity. A principle applying to that term has been stated in this form:

"Where the testator is not claimed to have been generally insane, but controlled by insane notions with respect to a particular subject, the question to be determined is whether he was the victim of such delusions as controlled his actions and rendered him insensible to the ties of blood and kindred." *McClary v. Stull*, 44 Neb. 175.

This principle applies to the issue of insane delusions respecting relatives who would inherit decedent's property in absence of a will. *In re Estate of Ayer*, 114 Neb. 849. That issue was not determined by the ultimate facts found by the jury in their answers to questions one, two and three. It follows, therefore, that proponent would not have been entitled to a judgment on the special findings in his favor notwithstanding the general verdict, even if interrogatories four and five had not been submitted or

had been stricken out. The following has long been a rule of the supreme court:

"To entitle a party to a judgment on the special findings of a jury, where the general verdict is against him, such findings must establish all the ultimate facts from which his right to a judgment results as a necessary legal conclusion." *Omaha Life Ass'n v. Kettenbach,* 55 Neb. 330. See, also, *Kafka v. Union Stock Yards Co.,* 78 Neb. 140; *Crabtree v. Missouri P. R. Co.,* 86 Neb. 33.

Findings one, two and three omit an ultimate, issuable, evidential fact essential to the legal conclusion that proponent is entitled to a judgment in his favor notwithstanding the general verdict against him. The assignments of error directed to the rulings that apply to the general and special verdicts of the jury are overruled.

Proponent criticises as erroneous and prejudicial instructions referring to kindred who would inherit the property of testator in absence of a will, as "the natural objects of his bounty," and stating that "a man is under certain moral obligations" to them. In the making of a will the mental capacity of a testator to recognize kindred who would inherit his property in absence of a will may be material. *Carter v. Gahagan,* 102 Neb. 404; *In re Estate of Wilson,* 78 Neb. 758; *In re Estate of Nelson,* 75 Neb. 298. Detached expressions in the instructions, however, were open to criticism and should not have been used under the circumstances disclosed by the record, but they were not prejudicial to proponent when viewed in the light of the entire charge which confined the jury to mental capacity of testator as the controlling issue. The jury were directed that the one principal question for consideration was the competency of testator to make a will and that, notwithstanding the ties of blood and kindred and his obligations to them, he had a right to leave his property to whomsoever he pleased, if possessing testamentary capacity. The rights of proponent were protected by the trial court. The jury were not misled.

There is also criticism of an instruction containing lan-

guage to the effect that, if the jury find from the evidence that testator, in leaving his property to his cousin rather than to his legal heirs, acted in an unreasonable, unjust and unnatural manner, that fact may be considered as bearing upon the condition of his mind at the time the will was made. "That fact," if so found by the jury, was, according to the entire charge, for consideration in connection with all other evidence in the case. The jury were directed to find for proponent notwithstanding unreasonable, unjust and unnatural terms of the will, if Kerr had testamentary capacity to make it. Undue prominence was not given to that feature of the evidence. It was without probative effect in absence of evidence showing want of testamentary capacity. As limited by the instructions the trial court did not err in permitting the jury to consider it. *In re Estate of Gunderman*, 102 Neb. 590; Schouler. Wills (6th ed.) sec. 212.

Prejudicial error in the proceedings has not been found and the judgment on the general verdict is

AFFIRMED.