IN RE ESTATE OF THOMAS M. ALEXANDER.
JENNY WHITLA, APPELLEE, V. OLIVER G. ALEXANDER, AP-
PELLANT..

FILED FEBRUARY 8, 1935. No. 29136.

*William A. Ehlers* and *L. G. Nelson*, for appellant.

*H. D. Curtiss* and *William M. Ely, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

GOOD, J.

This cause originated in the county court of Rock county in a proceeding to probate a written instrument as the will of Thomas M. Alexander, deceased. From an order of that court admitting the instrument to probate, Oliver G. Alexander, the only child of decedent, appealed to the district court, where a petition was filed, asking the probate of the instrument, and contestant filed objections thereto, on the ground of the mental incompetency of testator to make a will. A trial of the issue resulted in a verdict, and judgment thereon, for proponent. Contestant has appealed.

The principal assignment of errors relates to the sufficiency of the evidence to sustain the verdict.

Thomas M. Alexander was born in Scotland, came to

this country in his youth, later was married, and to this marriage was born one child, the contestant herein. Thomas M. Alexander lived in Rock county, Nebraska, for many years and was engaged in the ranching business. He accumulated considerable property and acquired a ranch of 1,600 acres. Several years before his demise he sold this ranch, receiving only a part of the purchase money, with which he purchased 640 acres of land. Subsequently, through failure of the vendee to pay for the ranch, Mr. Alexander became repossessed and the owner of the ranch. He lived with his wife until her death in the spring of 1931. Mr. Alexander died July 22, 1932. The will in controversy was executed March 16, 1932.

On behalf of contestant evidence of three physicians and of some other witnesses was introduced, tending to prove that Mr. Alexander was suffering from arteriosclerosis, and that his mental faculties were so impaired that he was incompetent to make a will. There was sufficient evidence on behalf of contestant to have sustained a finding, had one been made, to the effect that Mr. Alexander was incompetent to make a will. On the other hand, there was the evidence of a number of friends and acquaintances of Mr. Alexander, whose relations extended over a long period of time, many of whom had dealings and transactions with him, to the effect that they never observed anything in his demeanor, conversation, conduct or business transactions that would indicate that he was of other than sound mind, and that in their opinion he was of sound mind.

There was evidence that Mr. Alexander transacted his own business and managed his affairs successfully throughout the period of his life, until within a few weeks of his death; that a few months before he died he entrusted the management of his ranch to the two persons whom he designated as executors of his will, and gave them directions with respect to the rental and management of the ranch; that he kept the taxes on his property paid; that he collected interest and attended to renewal of notes;

that he sold and marketed his produce, collected pay therefor, and in no instance was there disclosed anything to indicate incompetency in his business transactions. Even the physicians who testified for contestant stated that Mr. Alexander was always prompt in paying his bills to them and never allowed them to run more than a very short time; that he knew the amount of his bills and did not wait for statements to be sent, but sought out the physicians and paid their bills, usually by check.

It is argued that the will, in itself, is indicative of incompetency and a disregard of the obligations which testator owed to his only child. In the will it is recited that testator had previously conveyed the 640-acre farm to his son Oliver; that he divided his property into 14½ shares, while, in fact, the shares bequeathed aggregate but 13½ shares. This is evidently an error in computing the number of shares. Of these shares one was devised to contestant, one to contestant's daughter, and, in addition, his household goods were given to the son and his daughter in equal shares. The remainder of his estate was beqeathed to various relatives of himself and his wife. To each of two nephews in Scotland who were deaf and dumb, and who were orphans, he devised two of the 13½ shares.

It must be observed that the law empowers any man of sound mind to make a will disposing of his property in the manner he sees fit, with certain limitations respecting the rights of the spouse. Comp. St. 1929, sec. 30-201. Here there was no surviving spouse. Mr. Alexander might have disinherited his son entirely if he were so disposed. That was his right. Such is the purpose of the law in empowering a man to dispose of his property by will. *Isaac v. Halderman,* 76 Neb. 823, 830. There may have been just reasons in the mind of Mr. Alexander for not giving a larger portion of his estate to his son.

From a consideration of the entire record, it is clear that a conflict of evidence is disclosed. In a law action, where the evidence is in conflict, the jury are the triers of fact, and their verdict, based on conflicting evidence, will

not be disturbed unless clearly wrong. We are convinced that reasonable minds might have drawn different conclusions from the evidence as to the mental competency of Mr. Alexander. There is ample evidence to support the finding of the jury. *Hunt v. Chicago, B. & Q. R. Co.,* 95 Neb. 746; *Anderson v. Chicago, B. & Q. R. Co.,* 102 Neb. 497; *In re Estate of Lyell,* 116 Neb. 827.

Contestant contends that Jenny Whitla was not the real proponent of the will and that he should have been permitted to prove this fact before the jury. Mrs. Whitla was a niece of the testator and a legatee under the will; she signed the petition for the probate of the will in the county court, and also signed the petition in the district court, and was properly designated as proponent. There was no issue raised by the pleadings upon this question, and the court properly denied contestant's offer of proof upon the subject.

Contestant complains of the failure of the court to give certain requested instructions. The only issue for the jury's determination was the question of testator's mental competency. The court in its instructions stated the rule substantially as laid down by this court in *In re Estate of Gunderman,* 102 Neb. 590, and *Carter v. Gahagan,* 102 Neb. 404. The applicable law was correctly stated, and no error in this respect appears.

Contestant complains of prejudicial statements alleged to have been made by counsel for proponent in their arguments to the jury. The record does not disclose that any objection was made, or any ruling by the court sought thereon, and it is a well-established rule that such objection must be brought to the attention of the court and ruling had thereon as a requisite to a review of the question by this court.

The record appears to be free from prejudicial error. Judgment

AFFIRMED.