IN RE ESTATE OF THOMAS M. ALEXANDER.
WILLIAM A. EHLERS, APPELLANT, V. HUGH MILLER, ADMINISTRATOR, ET AL., APPELLEES.
274 N. W. 551

FILED JULY 16, 1937. No. 30055.

*William A. Ehlers, pro se.*

*H. D. Curtiss* and *William M. Ely, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY and CARTER, JJ., and SPEAR and KROGER, District Judges.

GOSS, C. J.

William A. Ehlers unsuccessfully sought in the county court and in the district court to obtain from the estate of Thomas M. Alexander, deceased, an attorney's fee for services rendered Oliver G. Alexander, who was given by the will one of 13½ shares of the estate of his father. Ehlers was retained by him on a contingent fee, under which Ehlers was to have a certain proportion of what he secured for Alexander above the one share. A phase of the estate was before this court in 1935. *In re Estate of Alexander*, 128 Neb. 334, 258 N. W. 655. That opinion affirmed a judgment based on a verdict upholding the will. Ehlers, who was attorney for the unsuccessful appellant in that case, then undertook to collect a fee in the estate proceedings in the county court on the theory that his services in the county, district and supreme courts were of benefit to all the legatees and not only to Oliver G. Alexander; but his "petition in equity" to that end was overruled by the county judge on June 10, 1936, and Oliver G. Alexander and Ehlers promptly appealed to the district court and gave their appeal bond.

On August 10, 1936, in the district court, Oliver G. Alexander, for himself and Kathryn Alexander Strelow (perhaps an appellant, though she had not given a bond), dismissed their appeal from the county court.

In the district court the parties stipulated to submit the question on the petition in equity filed by Ehlers in the county court and on the demurrer thereto of the other parties interested. On the same day, October 12, 1936, the district court sustained the demurrer and also dismissed a petition of intervention filed by Ehlers in which he asked the district court to set aside this dismissal of the appeal by Alexander and Strelow. Ehlers stood on his petition in equity and appealed.

Nothing in the record shows that, at the time Alexander dismissed the appeal, Ehlers had given any legal notice to the adverse parties of his claim of an attorney's lien. So the first question for discussion is whether, in the circum-

stances, an attorney's lien could be enforced. Then, second, is an attorney who represents an unsuccessful party in a will contest entitled to compensation from the estate of a decedent?

Section 7-108, Comp. St. 1929, is the controlling statute on the subject of attorney's liens. It allows an attorney a lien upon money "in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party."

The first notice given by appellant to adverse parties was a notice to them filed in the district court on October 7, 1936. This was nearly two months after the appeal was dismissed by Oliver G. Alexander.

It would serve no useful purpose to recite the several Nebraska cases cited by appellant and to distinguish them. In every instance where an attorney's lien has been upheld in those cases the facts show that statutory notice of a lien had been given. It was said by Judge Letton, in *Griggs v. Chicago, R. I. & P. R. Co.*, 104 Neb. 301, 305, 177 N. W. 185: "And the uniform course of our decisions has been to construe the lien statute in such a manner as to protect just and honest claims for services rendered when a proper lien has been filed and notice given."

Ehlers argues that his services to have the validity of the will, which was attacked by his client on account of alleged incompetency of the testator, determined were rendered in good faith, were of great value to all the legatees, that they had paid him nothing, and "that in good conscience and equity this appellant was entitled to an allowance from the shares of said legatees." *Wallace v. Sheldon*, 56 Neb. 55, 76 N. W. 418, is a very similar case, wherein an unsuccessful contestant of a will sought to recover costs and attorney's fees. The syllabus first disposes of the principles relating generally to costs and the fourth point says: "Contest of wills: Attorney's fees. The courts are not invested with the discretion to award costs or attorney's fees to an unsuccessful contestant of a will simply and solely because of the fact that he undertook the contest in

good faith, and at the time there existed probable cause therefor." This was broadened in *Atkinson v. May's Estate,* 57 Neb. 137, 77 N. W. 343, so that the syllabus reads: "The estate of a decedent is not liable to an attorney for services rendered by him for and at the request of a legatee under decedent's will in a contest thereof." See, also, *St. James Orphan Asylum v. McDonald,* 76 Neb. 630, 110 N. W. 626.

The judgment of the district court is

AFFIRMED.